**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

TIFFANY NICOLE LUCK VALLS,

        Plaintiff,

v.                                                           Case No. 3:20-cv-339-JRK

KILOLO KIJAKAZI,[1] Acting
Commissioner of Social Security,

        Defendant.
_____/

## **OPINION AND ORDER**[2]

### **I.  Status**

Tiffany Nicole Luck Valls ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of a brain injury, shoulder and back problems (including sciatica issues and herniated discs), Rheumatoid arthritis, various broken bones, headaches, depression, and an

---

[1] Kilolo Kijakazi recently became the Acting Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 15), filed August 21, 2020; Reference Order (Doc. No. 17), entered August 24, 2020.

anxiety disorder. See Transcript of Administrative Proceedings (Doc. No. 16; "Tr." or "administrative transcript"), filed August 21, 2020, at 115, 129, 143, 162, 386.

On November 29, 2016, Plaintiff filed an application for DIB. Tr. at 314-17. On December 8, 2016, Plaintiff filed an application for SSI. Tr. at 318-25.[3] In both applications, Plaintiff alleged a disability onset date of March 29, 2016. Tr. at 314, 318. The applications were denied initially, Tr. at 113, 114-26, 189-92 (DIB); Tr. at 127, 128-40, 193-96 (SSI), and upon reconsideration, Tr. at 141, 142-59, 198-203 (DIB); Tr. at 160, 161-78, 204-09 (SSI).[4]

On February 7, 2019, an Administrative Law Judge ("ALJ") held a hearing, during which he heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 51-76. On May 29, 2019, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 24-38.

Thereafter, Plaintiff requested review of the Decision by the Appeals Council and submitted additional evidence in the form of a brief authored by

---

[3] Although actually completed on November 29, 2016 and December 8, 2016, respectively, see Tr. at 314, 318, the protective filing date of both of the applications is listed elsewhere in the administrative transcript as November 28, 2016, see, e.g., Tr. at 114, 128, 143, 162.

[4] The administrative transcript also contains denials of DIB and SSI claims that were filed on June 10, 2016, with a protective filing date of June 6, 2016. See Tr. at 91, 92-101, 179-82 (DIB); Tr. at 102, 103-12, 183-86 (SSI); see also Tr. at 312-13 (DIB application summary dated June 10, 2016).

Plaintiff's representative. Tr. at 4-5, 10-14. On February 3, 2020, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, making the ALJ's Decision the final decision of the Commissioner. On April 2, 2020, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff challenges: 1) the accuracy of the ALJ's interpretation of the VE's testimony about the jobs Plaintiff can perform; and 2) the ALJ's assignment of less than full weight to Plaintiff's treating sources' opinions. Plaintiff's Memorandum of Law (Doc. No. 20; "Pl.'s Mem."), filed October 23, 2020, at 20-21 (first argument), 21-25 (second argument). On December 21, 2020, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 21; "Def.'s Mem.") addressing Plaintiff's arguments.

After a thorough review of the entire record and consideration of the parties' respective memoranda, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for further proceedings because the VE's testimony is not clear enough to provide substantial evidence upon which the ALJ could base the findings about the jobs Plaintiff can perform. The matter must be remanded for the VE's testimony to be clarified. Also on remand, the SSA shall address Plaintiff's remaining argument as appropriate.

See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II.   The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Regulations, determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

---

[5] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

4

Here, the ALJ followed the five-step inquiry. See Tr. at 27-38. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since March 29, 2016, the alleged onset date." Tr. at 27 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: degenerative disc disease of the cervical and lumbar spine, rheumatoid arthritis, a major depressive disorder and anxiety." Tr. at 27 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 27 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform sedentary work as defined in 20 [C.F.R. §§] 404.1567(a) and 416.967(a) except she requires a 30 minute sit/stand option. She can occasionally climb ramps and stairs. She can occasionally stoop. She must avoid climbing ladders, ropes or scaffolds. She must avoid jobs requiring her to balance, kneel, crouch, and crawl. She can occasionally reach overhead and can perform no more than frequent handling and fingering bilaterally. She must avoid concentrated exposure to work around moving mechanical parts or work at unprotected heights. The individual requires a handheld assistive device to reach the workstation but does not require it at the workstation. She is further limited to performing simple tasks with little variation that take a short time to learn (up to and including 30 days). She is limited to jobs having a specific vocational preparation (SVP) level of 1 or 2. She is able to deal with the changes in a routine work setting. She is able to relate adequately to supervisors. She can occasionally interact with coworkers and the general public.

5

Tr. at 29 (emphasis omitted).

At step four, the ALJ relied on the testimony of the VE and found that Plaintiff "is unable to perform any past relevant work" as a "Newspaper carrier," an "Office Manager," and a "Construction Inspector (Superintendent)." Tr. at 36 (some emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("32 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ again relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 36-37 (emphasis and citation omitted), such as "Document Preparer," "Addresser," and "Cutter and Paster," Tr. at 37. The ALJ concluded Plaintiff "has not been under a disability . . . from March 29, 2016, through the date of th[e D]ecision." Tr. at 38 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a

preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff argues the ALJ erred in relying on the VE's testimony about the jobs she can perform. Pl.'s Mem. at 20-21. According to Plaintiff, when read as a whole, the VE's testimony does not support the ALJ's step-five findings because of "confusion as to what the ALJ's hypothetical meant by a '30-minute sit-stand option.'" Id. (quoting Tr. at 71 (hearing hypothetical)). Responding, Defendant argues the ALJ "reasonably concluded" that the VE testified a

7

person with the required sit-stand option would be able to perform the jobs identified. Def.'s Mem. at 7; see id. at 4-7.

An ALJ poses a hypothetical question to a VE as part of the step-five determination of whether the claimant can obtain work in the national economy. See Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002). When the ALJ relies on the testimony of a VE, "the key inquiry shifts" from the RFC assessment in the ALJ's written decision to the adequacy of the RFC description contained in the hypothetical posed to the VE. Brunson v. Astrue, 850 F. Supp. 2d 1293, 1303 (M.D. Fla. 2011) (quoting Corbitt v. Astrue, No. 3:07-cv-518-HTS, 2008 WL 1776574, at *3 (M.D. Fla. Apr. 17, 2008) (unpublished)).

In determining an individual's RFC and later posing a hypothetical to a VE that includes the RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184, at *5; see also 20 C.F.R. § 404.1545(a)(2); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating "the ALJ must consider a claimant's impairments in combination" (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984))). "In order for a [VE]'s testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Wilson, 284 F.3d at 1227 (citing Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999)). While the hypothetical question must include all of the claimant's impairments, it need

8

not include impairments properly rejected by the ALJ. See McSwain v. Bowen, 814 F.2d 617, 620 n.1 (11th Cir. 1987).

An "ALJ has a basic duty to develop a full and fair record." Henry v. Comm'r of Soc. Sec., 802 F.3d 1264, 1267 (11th Cir. 2015) (citing Brown v. Shalala, 44 F.3d 931, 934 (11th Cir. 1995) (per curiam)). This requires an ALJ to "scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts." Id. (quoting Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981)). If "the record reveals evidentiary gaps which result in unfairness or clear prejudice," then remand is appropriate. Id. (quoting Brown, 44 F.3d at 935).

Here, the ALJ posed the following hypothetical to the VE:

> Q . . . If we start the first hypothetical with an individual the claimant's age, education, the past work as you described it for us. An individual limited to work at the sedentary exertional level with a 30-minute sit-stand option, with the occasional [sic] of ramps and stairs, no climbing of ladders, ropes, and scaffolds, no balancing, occasional stooping, but no kneel, crouch, or crawl. Only occasional overhead reaching, and no more than frequent handling and fingering on both sides. They should not have concentrated exposure to work around moving mechanical parts or work at unprotected heights. They would also require a handheld assistive device to reach the workstation, but would not require it when they were at the workstation. From a mental standpoint, they would be limited to performing simple tasks with little variation that take short period of time [sic] to learn, and that would be up to and including 30 days, indicating they are jobs with a specific vocational preparation or SVP level of 1 or 2.

9

> Able to deal with the changes at a routine work setting. Socially would relate adequately to supervisors with only occasional coworker and general public contact. Sorry. Would that individual be able to do the past work?
>
> A   No, sir.
>
> Q   Would there be other positions that the individual would be able to perform?
>
> A   Yes, your honor.

Tr. at 71-72. The VE went on to describe the jobs of "document preparer," "addresser," and "cutter and paster." Tr. at 72. The ALJ then posed a second hypothetical, not relevant here, about what would happen if the individual spent twenty percent of the workday off-task, and the VE testified the individual would not be able to maintain competitive employment. Tr. at 73.

When the ALJ asked the VE if there "are any conflicts between the testimony and Dictionary of Occupational Titles," the VE responded, "No conflict, sir, however, testimony related to time off-task, overhead reach, and attendance would all be based on professional experience." Tr. at 73. The ALJ then clarified, "Okay. And also for the sit-stand and the cane use?" Tr. at 73. To which the VE responded, "Oh, yes, sir, thank you. And the assistive device as well." Tr. at 74.

At this point, Plaintiff's counsel asked the following question regarding the 30-minute sit-stand option:

> Atty: . . . I just wanted to clarify, . . . the 30-minute sit-stand option that we discussed in the first hypothetical, that would be an individual who is sitting for 30 minutes and then standing for 30 minutes, and that individual - - and that, like, throughout the day, that individual would be able to perform those jobs?

Tr. at 74. The VE responded: "Oh, okay. At that point, that would through [sic] them off-task were it would be - - I'm sure it would exceed the 15 percent off-task so the individual would not be able to perform the job." Tr. at 74.

Plaintiff's counsel then turned to the ALJ and stated, "Okay. Maybe I need to find out from you, judge, is that - - I don't know what - - perhaps our - - all of our impressions of sit-stand option are a little bit different - -" Tr. at 74. The following exchange then occurred between the ALJ, Plaintiff's counsel, and the VE:

> ALJ: Right, and that's my fault for - - at the 30 minute break, they would be allowed a five-minute stretch break at the workstation to - - for ease.
>
> VE: Okay. My apologies. [INAUDIBLE] positioning, and then go back to sitting because it is primarily a sedentary position.
>
> ATTY: Sure.
>
> VE: So, would not be able to maintain the - - of course, it would through [sic] the individual off-task without an accommodation of the writing desk or as such.
>
> ATTY: Okay. All right. Thank you.
>
> ALJ: Oh, okay.

Tr. at 74-75.

The transcription of the hearing is not the best quality. The parties agree that the word "through" is likely an error, and the VE likely said "throw" when "through" appears. See Pl.'s Mem. at 21; Def.'s Mem. at 6 n.1. In addition, the inaudibility of part of the VE's testimony about the critical issue adds to the challenge of deciphering it.

At the end of the day, the undersigned cannot determine from the VE's testimony whether the VE intended to testify that a 30-minute sit-stand option, as later clarified by the ALJ, would preclude the jobs that the VE had previously identified. The VE's ultimate phrases of "would not be able to maintain the - -" and "it would [throw] the individual off-task without an accommodation of the writing desk or as such," Tr. at 75, suggest that the VE intended to testify that such a sit-stand option would not allow the individual to perform the jobs identified, at least without some sort of accommodation that was not adequately explained. But the ALJ obviously interpreted the VE's testimony to allow Plaintiff to perform the jobs identified, see Tr. at 37-38, without explaining how he came to that interpretation in light of the vagueness of the VE's testimony. Without more explanation from the VE and the ALJ, the record is not complete, and the ALJ's step-five findings cannot be supported by substantial evidence. The ALJ therefore abrogated the duty to develop a full and fair record on this issue, and clear prejudice has resulted. The matter must be remanded for clarification of the VE's testimony.

## V.   Conclusion

In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), and pursuant to § 1383(c)(3), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

   (A) Fully develop the record as to the VE's testimony about the jobs Plaintiff can perform;

   (B) If appropriate, address the other issue raised by Plaintiff in this appeal; and

   (C) Take such other action as may be necessary to resolve these claims properly.

2. The Clerk is further directed to close the file.

3. In the event benefits are awarded on remand, Plaintiff's counsel shall ensure that any § 406(b) fee application be filed within the parameters set

forth by the Order entered in Case No. 6:12-mc-124-Orl-22 (In Re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) and 1383(d)(2)).

**DONE AND ORDERED** in Jacksonville, Florida on September 28, 2021.

　　　　　　　　　　　　　　　　_James R. Klindt_
　　　　　　　　　　　　　　　　JAMES R. KLINDT
　　　　　　　　　　　　　United States Magistrate Judge

kaw
Copies:
Counsel of Record